UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CR-19-1-F
No 4:11-CV-42-F

| | | |
|---|---|---|
| TIMOTHY MARK PARMER | ) | |
|     Petitioner | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
|     Defendant. | ) | |

The petitioner, Timothy Mark Parmer ("Parmer"), has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *See* [DE-72]. Parmer was sentenced by the undersigned on March 31, 2009; his conviction and sentence were affirmed by unpublished opinion on November 20, 2009. *See United States v. Parker*, No. 09-4337 (4th Cir. Nov. 20, 2009). The Supreme Court denied Parmer's petition for writ of certiorari. *See United States v. Parmer*, 130 S. Ct. 2077 (March 29, 2010). Parmer's § 2255 motion is deemed to have been filed on the date he delivered it to prison officials for filing. The envelope in which the instant motion was mailed is postmarked March 18, 2011. Because Parmer's conviction and sentence became final for § 2255 purposes on March 29, 2011, the instant motion was timely filed.

The basis for Parmer's direct appeal was that the court's upward departure from his advisory guideline range was unreasonable, in that he already had qualified for career offender status. The Fourth Circuit Court of Appeals rejected Parmer's argument, and affirmed the sentence imposed as having been correctly calculated and reasonable, in light of the record. The basis for his § 2255 motion is that his trial counsel rendered ineffective assistance by failing to object to the three-point specific offense characteristic for brandishing or possessing a dangerous weapon, pursuant to advisory United States Sentencing Guidelines ("U.S.S.G.") §

2B3.1(b)(2)(E).

Specifically, Parmer contends that when his court appointed attorney, Mr. Ross, sent the Federal Public Defender's senior paralegal, Patricia Rollins, to review the Presentence Report with him in preparation for sentencing, Parmer pointed out the three-point dangerous weapon enhancement and insisted he did not have a gun on that occasion. He contends Ms. Rollins assured him that Mr. Ross would argue the inapplicability of the gun bump. The record reveals, however, that Mr. Ross failed to raise a timely objection to the dangerous weapon enhancement, but that Parmer's serious prior criminal record was the reason for the sentence imposed.

During Parmer's sentencing hearing, the following exchange took place.

THE COURT: Do you also understand that if the Government decides not to make a Rule 35(b) motion on your behalf that you're not entitled to relief from the court?

THE DEFENDANT: Yes.

THE COURT: There were no objections. I'm going to get to the - - -

DEFENSE COUNSEL: I didn't have an objection, but my client made one aware to me after we had submitted no objections. He had one objection to paragraph 59 as to the three points given to him to increase for having a dangerous weapon.

THE COURT: Well, now, Mr. Ross –

DEFENSE COUNSEL: Yes, sir.

THE COURT: – I advise you and I advise your client that your objections must be filed with the probation officer within two weeks after you get the report –

DEFENSE COUNSEL: I'm very –

THE COURT: – or otherwise it's waived. That's my advice to every counsel and to every defendant. You recall that.

DEFENSE COUNSEL: I'm very much aware of that.

THE COURT: Well, I'm going to sustain it. I'm going to overrule – I'm not going to

accept it.

    DEFENSE COUNSEL: I understand. May I also, please, place it on the record though?

    THE COURT: Sure

    DEFENSE COUNSEL: Thank you.

    THE COURT: You don't give the probation officer time to investigate it. Rules are for a reason. There's nothing that crowds you on that. Your motion – your objection is overruled as out of time.

    DEFENSE COUNSEL: If I may – if I could put this on the record?

    THE COURT: Sure.

    DEFENSE COUNSEL: He objects to the three levels, and the reason why he objects to it is because he did not have a firearm, but even with that objection, the three points, it becomes moot because he's a career offender. I'm just trying to preserve the objection in which he told me of.

Sentencing Hearing Transcript [DE-63], pp. 3-4.

    Indeed, Parmer's career offender status placed him into offense level 32, regardless of any gun enhancement. After subtracting three points for acceptance of responsibility, Parmer would have had the same total offense level of 29 and criminal history category of VI, resulting in the same advisory guideline range of 151 to 188 months, from which the court departed. The appellate court has affirmed the reasonableness of this court's upward departure to a sentence of 235 months to run consecutively to any state or federal sentence already imposed. The three-point specific offense characteristic attributed to Parmer in light of his admission that he had possessed a firearm had no effect on the length of the sentence he ultimately received for the August 3, 2007, bank robbery.

    Petitioner's claim – that he was denied effective assistance of counsel – is governed by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. The

3

Supreme Court explained that the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. There are two "prongs" to an ineffective assistance claim: first, the petitioner must demonstrate that counsel's performance was deficient, and, second, the petitioner must demonstrate that he was prejudiced by his attorney's conduct. *See id.* at 687.

In order to satisfy the first prong – deficient performance – a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Under this standard, an attorney's competence is presumed; "the [petitioner] must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

The second component of an ineffective assistance claim is prejudice. That is, the petitioner bears the burden of demonstrating that his counsel's unprofessional errors resulted in an unfair or unreliable proceeding. *See Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). If a petitioner cannot demonstrate the requisite prejudice, then a reviewing court need not even consider the performance prong. *See United States v. Rhynes*, 196 F.3d 207, 232 (4th Cir. 1999) (citations omitted), *vacated in part on other grounds on reh'g en banc*, 218 F.3d 310 (4th Cir.), *cert. denied*, 530 U.S. 1222 (2000).

Here, the record on its face plainly reveals that Parmer suffered no "prejudice" as a result of his lawyer's failing to object to application of U.S.S.G. § 2B3.1(b)(2)(E). Parmer's sentence would have been the same whether the three-point dangerous weapon enhancement

4

had been applied or not. Parmer is not entitled to the relief he seeks in this § 2255 motion. Accordingly, it isi ORDERED that Parmer's motion to vacate, set aside or correct his sentence is DENIED, and this action is DISMISSED. The Clerk of Court is DIRECTED to so notify Parmer, and to close this case.

SO ORDERED.

This, the 31ˢᵗ day of March, 2011.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge